UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOHN TYRELL GATHEN | CIVIL ACTION |
|---|---|
| VERSUS | CASE NO. 16-17609 |
| JERRY LARPENTER, et al. | SECTION: "G"(5) |

## ORDER

Before the Court is Defendants Jerry J. Larpenter, the Terrebonne Parish Sheriff's Office, Deputies Jimmy Varnes, Waylon Ledet, Max Verrett, Earl Sevin, and ABC Insurance Company (collectively "Defendants") "Motion to Dismiss Pursuant to Rule 12(b)(6)."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A. *Factual Background*

On December 19, 2016, Plaintiff John Tyrell Gathen ("Plaintiff") filed a complaint against Jerry Larpenter in his capacity as Sheriff of Terrebonne Parish, the Terrebonne Parish Sheriff Office, Deputies Jimmy Varnes, Waylon Ledet, Max Verrett, and Earl Sevin, sued individually and in their official capacity, and ABC Insurance Company.[2] In his complaint, Plaintiff alleges that on December 19, 2015, he "was a patron at the Waffle House located on Martin Luther King Drive in Houma, Louisiana, when a disturbance ensued between parties unknown to [Plaintiff]."[3] Plaintiff alleges that

---
[1] Rec. Doc. 14.

[2] Rec. Doc. 1 at 2–3.

[3] *Id.* at 3.

1

when the named deputy defendants arrived at the scene Plaintiff "was targeted with a taser and ordered to leave the premises."[4] According to Plaintiff, once he exited the restaurant, the deputies "ordered [Plaintiff] to the ground" and tased Plaintiff "without just cause."[5] Plaintiff avers that "thereafter he was physically taken to the ground by the defendants and much to his chagrin charged with Disturbing the Peace and Resisting and Officer."[6] Plaintiff asserts that he suffered physical, mental, and emotional damages "as a result of the negligent actions of the Terrebonne Parish Sheriff's Office."[7]

## B. *Procedural Background*

Plaintiff filed this action on December 19, 2016.[8] On March 17, 2017, Plaintiff filed a "Motion for Extension of Time to Effect Service" on Defendants asserting that good cause existed "for his failure to effect service due to having to find addresses for personal service on several of the defendants."[9] On March 21, 2017, the Court granted Plaintiff's "Motion for Extension of Time to Effect Service" on Defendants.[10] On June 26, 2017, this Court issued an Order to Show Cause noting that the record did not reflect service upon Defendants and ordering Plaintiff to show cause on or before July 21, 2017, as to why Defendants should not be dismissed for Plaintiff's failure to prosecute.[11]

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 5 at 1.

[10] Rec. Doc. 9.

[11] Rec. Doc. 10.

On June 29, 2017, Defendants filed the instant motion to dismiss asserting that Plaintiff failed to effect service upon Defendants pursuant to Federal Rule of Civil Procedure 4(m).[12] The record reflects that on July 5, 2017, Plaintiff executed service on Defendants Jerry Larpenter, Waylon Ledet, Earl Sevin, Jimmy Varnes, Max Verrett, and the Terrebonne Parish Sheriff's Office.[13] On July 20, 2017, Plaintiff filed a memorandum in opposition to Defendants' motion to dismiss.[14]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of Their Motion to Dismiss*

In the motion, Defendants assert that while they believe that Plaintiff has failed to state a claim against them under Federal Rule of Civil Procedure 12(b)(6), "the basis for the present motion lies in the failure of plaintiff . . . to follow Federal Rule of Civil Procedure 4(m)."[15] Defendants point out that more than 98 days have elapsed since the Court's Order granting Plaintiff an extension of time to effectuate service, and 168 days have passed since Plaintiff filed the case.[16] Defendants aver that pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's failure to effect service constitutes abandonment of his claims against Defendants, and dismissal by this Court is proper.[17] Defendants assert that Plaintiff's "failure to affect [sic] service constitutes bad faith *per se*."[18] Therefore, Defendants argue that Plaintiff's claims against them should be dismissed with prejudice.[19]

---

[12] Rec. Doc. 14 at 1.

[13] Rec. Doc. 16.

[14] *See* Rec. Doc. 17.

[15] Rec. Doc. 14-1 at 1.

[16] *Id.* at 3.

[17] *Id.* (citing *Cruz v. Louisiana*, 528 F.3d 375, 379 (5th Cir. 2008)).

[18] *Id.*

[19] *Id.* at 4.

3

### B. *Plaintiff's Arguments in Opposition*

In opposition, Plaintiff argues that he has effectuated service of process upon Jerry Larpenter, Waylon Ledet, Earl Sevin, Jimmy Varnes, Max Verrett, and the Terrebonne Parish Sheriff's Office.[20] However, Plaintiff contends that Defendant ABC Insurance Company is a fictitious company, and thus, is unable to be served in this matter.[21] Therefore, Plaintiff "requests that the Court find the submitted, executed summonses . . . sufficient to show that plaintiff intends to and continues his efforts to obtain an equitable resolution in this matter."[22]

Furthermore, Plaintiff avers that he had good cause in his delay in effecting service of process.[23] Specifically, Plaintiff asserts that after an attorney who was previously involved in this case indicated that he would no longer be a part of the litigation, Plaintiff's attorney experienced "difficulties in reaching and communicating with [Plaintiff] in this case which caused delays in determining appropriate authority to act."[24] Moreover, Plaintiff argues that no prejudice has been suffered by Defendants because Defendants had knowledge of Plaintiff's allegations and the ability to prepare for litigation.[25]

## III. Law and Analysis

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process.[26] When service of process is challenged, the party responsible for effecting service

---

[20] Rec. Doc. 17 at 1.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 2.

[26] Although Defendants style their motion as a motion pursuant to Rule 12(b)(6), governing the failure to state a claim upon which relief can be granted, it appears that they are in fact challenging service of the process under Rule

4

must bear the burden of establishing its validity.[27] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service.

The burden is clearly on the plaintiff to show good cause as to why service was not effected timely,[28] and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[29] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[30] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[31]

In this case, the record reflects that Plaintiff has served all Defendants with the exception of ABC Insurance, a fictitious entity.[32] Additionally, the Court notes that Plaintiff executed service on Defendants before the July 21, 2017 deadline set forth in the Court's Show Cause Order. Furthermore, Plaintiff represents that the delay in service was caused when an attorney who was previously working on the case advised Plaintiff that he would not be a part of this litigation, and Plaintiff's current

---

12(b)(5). *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 1353 (3d ed.) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.") (citations omitted). Therefore, the Court analyzes Defendants' motion pursuant to Rule 12(b)(5).

[27] *Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[28] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

[29] *Gartin v. Par Pharm. Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[30] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).

[31] *George v. United States Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).

[32] *See* Rec. Doc. 16.

counsel experienced difficulties communicating with Plaintiff. Therefore, because Plaintiff has shown good cause for the failure to timely serve Defendants and service has now been executed, the Court will exercise its broad discretion and deny Defendants' motion.

### IV. Conclusion

For the reasons set forth above, the Court denies Defendants' motion because service has now been executed on all Defendants with the exception of ABC Insurance, a fictitious entity. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(6)"[33] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this __7th__ day of August, 2017.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[33] Rec. Doc. 14.